Filed 9/27/21  Cespedes v. City of Montclair CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| RONNY CESPEDES, | |
| Plaintiff and Appellant, | E073464 |
| v. | (Super.Ct.No. CIVDS1715014) |
| CITY OF MONTCLAIR, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  David Cohn, Judge.
Affirmed.

Castillo Harper and Michael A. Morguess for Plaintiff and Appellant.

Samuel J. Wells and Samuel J. Wells for Defendant and Respondent.

### I.  INTRODUCTION

Plaintiff and appellant Ronny Cespedes appeals from a judgment denying his petition for writ of administrative mandamus (Code Civ. Proc., § 1094.5) seeking judicial review of the decision to terminate his employment as a full-time police officer with the

City of Montclair (city). The trial court denied his petition for failure to exhaust all available administrative remedies prior to seeking judicial review.

On appeal, Cespedes does not contest that the administrative process provided for appeal of his termination to the Montclair City Council, and he does not contest the fact that he failed to avail himself of this remedy. Instead, Cespedes argues that his failure to exhaust his administrative remedy was excused because (1) appealing his termination to the city council would have been a futile act; (2) the city council had a financial interest in the outcome of his administrative proceeding, such that it could not sufficiently act as an impartial tribunal to afford him due process; and (3) the procedures for any appeal to the city council were too uncertain or inadequate.

We conclude that Cespedes's claims for excuse, other than futility, have been forfeited for failure to raise those issues in the trial court proceedings. With respect to Cespedes's claim of futility, we find the trial court's findings are supported by substantial evidence in the record, and we affirm the judgment.

## II. FACTS AND PROCEDURAL HISTORY

A. *Procedural History*

In 2014, Cespedes was employed as a full-time police officer with the city's police department.

On March 10, 2014, Cespedes received a written notice of intent to discipline from his supervisor. The notice indicated that Cespedes had been investigated for 14 charges of misconduct, 12 charges had been sustained following the investigation, and his supervisor was recommending Cespedes be terminated from his employment as a result.

2

The notice further informed Cespedes that he had the right to present a predisciplinary response to the chief of police pursuant to a memorandum of understanding (MOU) between the city and the Montclair Police Officer's Association.

Following Cespedes's predisciplinary response, the chief of police dismissed one of the 12 charges but otherwise determined that the termination of Cespedes's employment was an appropriate disciplinary action in light of the remaining charges.

On June 9, 2014, Cespedes submitted a written notice of appeal to the city manager pursuant to the terms of the MOU.

In July 2014, while his administrative appeal to the city manager was still pending, Cespedes filed a government claim with the city pursuant to Government Code section 910. Cespedes asserted a claim for damages on the basis that the city's disciplinary action against him constituted impermissible retaliation and wrongful termination. The city took no action on the claim and, as a result, it was rejected by operation of law.

On July 24, 2014, a hearing on Cespedes's administrative appeal to the city manager was held, and the city manager issued a written decision upholding Cespedes's termination on September 29, 2014.

On October 1, 2014, Cespedes provided written notice of a further appeal of the disciplinary action, requesting the matter be submitted to advisory arbitration pursuant to the terms of the MOU.

In March 2015, while his appeal to advisory arbitration was still pending, Cespedes filed a civil suit for wrongful termination against the city.

3

Evidentiary hearings in the parallel advisory arbitration were conducted between August 2015 and October 2016. During these proceedings, the city withdrew one of the charges against Cespedes. Additionally, while the arbitration proceedings were still ongoing, the city filed its answer to Cespedes's civil complaint, generally denying the allegations of the complaint and asserting 41 purported affirmative defenses. One of those purported affirmative defenses alleged: "At all times relevant to this litigation, [Cespedes] was, in fact, guilty of the offenses and any lesser included or related offenses for which he was investigated."

In February 2017, following the presentation of evidence in arbitration, the city agreed to voluntarily dismiss two additional charges, leaving only eight charges for the arbitrator to resolve. On May 10, 2017, the arbitrator issued a written decision in the form of an advisory opinion and recommended award. The arbitrator recommended that, of the remaining charges against Cespedes, five charges be sustained in their entirety, two charges be sustained in part, and one charge not be sustained. The arbitrator also recommended that Cespedes's termination be upheld based upon the sustained charges.

Cespedes did not respond to the arbitrator's decision; and, on July 10, 2017, the city sent correspondence to Cespedes indicating that, under the terms of the MOU, Cespedes had the right to appeal the arbitrator's decision to the city council, but Cespedes had failed to do so within the time provided for such appeal. The city took the position that the failure to appeal to the city council constituted an abandonment of the administrative process, barring judicial review for failure to exhaust his administrative remedies.

4

B.  *Petition for Writ of Administrative Mandamus*

On August 4, 2017, Cespedes filed a petition for writ of administrative mandamus in the trial court pursuant to Code of Civil Procedure section 1094.5, seeking judicial review of the arbitrator's decision.  Following demurrer, Cespedes filed a second amended petition in which he alleged he should be excused from exhausting the available administrative remedy of appealing to the city council because such action would be futile based upon the city's denial of his prior government claim and its answer in response to his civil complaint.

In its answer to the petition, the city asserted seven purported defenses.  Among other things, the city argued that Cespedes's failure to exhaust his administrative remedies precluded judicial review as a jurisdictional matter; Cespedes's failure to appeal the arbitrator's decision to the city council constituted a withdrawal of his claim under the terms of the MOU and, as a result, there was no final decision subject to review; and Cespedes failed to provide any evidence or facts to support his claim that appeal to the city council would have been futile.

The trial court bifurcated the trial on the issue of Cespedes's alleged failure to exhaust his administrative remedies, setting that matter to be heard and decided first.  At the time of the hearing, the trial court orally provided a tentative ruling that the petition should be denied for Cespedes's failure to exhaust his administrative remedies.  Cespedes did not contest the fact that he failed to appeal to the city council, but he again argued that doing so would be futile.

In support of his argument, Cespedes relied on the fact that the termination of his employment had been upheld during multiple levels of administrative review; as well as the fact that in the parallel civil litigation, the city's answer, in one of the city's purported affirmative defenses, alleged that he was guilty of the offenses for which he was investigated. In response, the city pointed out that its answer was filed prior to any evidentiary hearings were conducted in arbitration and argued that it initially asserted all available defenses simply to protect its rights pending discovery.

After taking the matter under submission, the trial court issued a written ruling denying the petition for writ of administrative mandamus on the basis that Cespedes failed to exhaust his administrative remedies and failed to show futility as a basis for excuse. Judgment was entered on June 27, 2019, and Cespedes appeals.

### III. DISCUSSION

On appeal, Cespedes does not contest the fact that an appeal to the city council was an administrative remedy available to him, and he failed to exhaust that remedy prior to filing his petition for writ of administrative mandamus. Instead, Cespedes contends the trial court erred when it concluded that he failed to establish an adequate excuse for his failure to exhaust his administrative remedies. Specifically, Cespedes argues that his failure should have been excused because (1) an appeal to the city council would have been futile; (2) the city council was financially biased, such that it could not have acted as an impartial tribunal sufficiently enough to protect his due process rights; and (3) the procedures for the city council review were uncertain and inadequate. We consider only

6

the merits of Cespedes's first argument and deem the remaining arguments forfeited for failure to raise them in the trial court.

A. *General Legal Principles and Standard of Review*

"A writ of mandate under [Code of Civil Procedure] section 1094.5 may be issued to review an administrative decision only if that decision is final. [Citation.] This requirement is regarded as an aspect of the exhaustion requirement. [Citation.] 'Under the doctrine of the exhaustion of administrative remedies, a party must go through *the entire proceeding* to a "*final* decision on the merits of the entire controversy" before resorting to the courts for relief.' " (*Bollengier v. Doctors Medical Center* (1990) 222 Cal.App.3d 1115, 1125.)

Generally, the exhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts and not a matter of judicial discretion. (*Sierra Club v. San Joaquin Local Agency Formation Com.* (1999) 21 Cal.4th 489, 496.) However, "[t]he doctrine requiring exhaustion of administrative remedies is subject to exceptions. [Citation.] Under one of these exceptions, '[f]ailure to exhaust administrative remedies is excused if it is clear that exhaustion would be futile.' [Citations.] 'The futility exception requires that the party invoking the exception " 'can positively state that the [agency] has declared what its ruling will be on a particular case." ' " (*Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd.* (2005) 35 Cal.4th 1072, 1080-1081.)

"We review the denial of [a] petition for a writ of mandate on the ground of failure to exhaust administrative remedies under different standards depending on the basis of

7

that decision.  We exercise independent review over questions of law such as the interpretation of applicable statutes or codes and whether the Doctrine applies in a given case." (*SJCBC*, *LLC v. Horwedel* (2011) 201 Cal.App.4th 339, 345.)  However, "we apply the substantial evidence test to factual matters concerning what a party did or did not do." (*Ibid.*)  Thus, questions regarding whether a party failed to exhaust administrative remedies are reviewed for substantial evidence.  (*Felkay v. City of Santa Barbara* (2021) 62 Cal.App.5th 30, 41.)[1]

Additionally, the party alleging that administrative exhaustion does not apply has the burden of establishing an exception, such as futility.  (*Public Employees' Retirement System v. Santa Clara Valley Transportation Authority* (2018) 23 Cal.App.5th 1040, 1048; *Upshaw v. Superior Court* (2018) 22 Cal.App.5th 489, 507 [party fails to establish futility where there is "no evidence the [respondent] had taken any position, let alone declared what its ruling would be"].)  In such a case, " 'it is misleading to characterize the failure-of-proof issue as whether substantial evidence supports the judgment. . . .  [¶] [Instead], where the issue on appeal turns on a failure of proof at trial, the question for a

---

[1] We disagree with Cespedes's assertion that we may review his claims de novo because the evidence in this case is undisputed.  "Even in cases where the evidence is undisputed or uncontradicted, if two or more different inferences can reasonably be drawn from the evidence [the appellate] court is without power to substitute its own inferences or deductions for those of the trier of fact, which must resolve such conflicting inferences in the absence of a rule of law specifying the inference to be drawn." (*Schwan v. Permann* (2018) 28 Cal.App.5th 678, 693-694.)  As we explain *ante*, even if we were to assume the evidence is truly undisputed in this case, the undisputed facts give rise to competing inferences such that the substantial evidence standard is the proper standard of review when considering whether the trial court engaged in reversible error in finding Cespedes failed to establish futility as an excuse for exhaustion of his administrative remedies.

reviewing court becomes whether the evidence compels a finding in favor of appellant as a matter of law.  [Citations.]  Specifically, the question becomes whether the appellant's evidence was (1) "uncontradicted and unimpeached" and (2) "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding." [Citation.]' [Citation.]   The appellate court cannot substitute its factual determinations for those of the trial court; it must view all factual maters most favorably to the prevailing party and in support of the judgment."  (*Dreyer's Grand Ice Cream, Inc. v. County of Kern* (2013) 218 Cal.App.4th 828, 838.)

Thus, we review the record to determine whether the evidence before the trial court was of such character and weight as to require a finding that any administrative appeal to the city council would have been futile.

B.  *Substantial Evidence in the Record Supports the Trial Court's Findings on the Issue of Futility*

Here, in order to establish futility as an excuse for his failure to exhaust his administrative remedies, Cespedes relied solely on the procedural history of the administrative process and the parallel civil litigation.  However, this evidence was clearly not of such character and weight that it would compel a finding of futility.

Cespedes argues that since his prior steps in the administrative process had been unsuccessful in overturning the ultimate decision to terminate his employment, any further appeal to the city council would have been equally unsuccessful.  However, this characterization overlooks important facts from each stage of the administrative process. For example, the initial notice of intent to discipline advised Cespedes he had been

9

investigated for 14 charges of misconduct, but only 12 charges were sustained upon the conclusion of the administrative investigation. Following an administrative review by the chief of police, an additional charge was dismissed, and as part of his administrative appeal to advisory arbitration, the city withdrew three additional charges. Finally, of the eight remaining charges, the arbitrator's advisory decision recommended five charges be sustained in their entirety, two charges be sustained in part, and one charge not be sustained.

Thus, while Cespedes was not successful in overturning his termination, the record indicates that at each step of the administrative process, the charges against Cespedes were reduced upon consideration of the evidence. In light of this record, we cannot say that the evidence before the trial court required a finding that appealing to the city council would have been futile. Had an appeal to the city council resulted in a further reduction of charges—as apparently occurred on multiple occasions during the course of the administrative process—it may well have resulted in final charges insufficient to support termination as an appropriate form of discipline. Certainly, this is a reasonable inference the trial court was entitled to draw from the evidence before it.

Cespedes's reliance on the city's conduct in the parallel civil litigation is also unavailing. As the trial court correctly noted, because Cespedes's government claim and civil complaint were filed prior to the completion of the administrative process, it was entirely consistent for the city to refuse to consider or settle these claims while the administrative process was still pending. Presumably, if Cespedes was ultimately

10

successful in the course of seeking administrative review, it would result in a substantial reduction of issues to be considered in any civil litigation.

Nor does the City's assertion of an affirmative defense alleging that Cespedes was guilty of the underlying conduct for which he was investigated compel a different conclusion. Even assuming the assertion of this defense suggested that the outcome of an appeal to the city council might have been predetermined, this was not the only evidence before the trial court. The record also shows that following the filing of this pleading in October 2015, the city agreed to withdraw two additional charges in February 2017 at the conclusion of the evidentiary hearings in the advisory arbitration proceedings. Clearly, the city's subsequent withdrawal of charges during advisory arbitration was evidence supporting a competing inference that the outcome of the administrative process was not predetermined, notwithstanding the assertion of an affirmative defense in the parallel civil litigation.

Under the substantial evidence standard of review, where two competing inferences can reasonably be drawn from the evidence, it is for the trial court to determine which inference to draw, and this court will not substitute its judgment for that of the trial court. Because the evidence before the trial court was not of such character and weight as to compel a finding that appealing to the city council would have been futile, the trial court's finding that Cespedes did not establish futility as a valid excuse for his failure to exhaust his administrative remedies is supported by substantial evidence. Where the trial court's findings are supported by substantial evidence, Cespedes has not met his burden on appeal to show reversible error.

11

C.  *Cespedes Is Not Entitled To Raise New Theories for the First Time on Appeal*

Finally, we decline to consider Cespedes's alternative theories as to why he should be excused from exhausting available administrative remedies.  These theories were not raised in the trial court and are thus forfeited on appeal.

"If a party fails to raise an issue or theory in the trial court, we may deem consideration of that issue or theory forfeited on appeal."  (*Cabatit v. Sunnova Energy Corp.* (2020) 60 Cal.App.5th 317, 322.)  " 'All issues, even those involving an alleged constitutional violation, are subject to the rule of forfeiture, and a [party's] failure to raise the issue before the trial court will generally result in the appellate court's refusal to consider it.'  [Citation.]  Considering an issue for the first time on appeal is often unfair to the trial court, unjust to the opposing party, and contrary to judicial economy because it encourages the embedding of reversible error through silence in the trial court."  (*In re M.H.* (2016) 1 Cal.App.5th 699, 713-714.)  Thus, "[i]t is elementary that an appellant may not raise a new theory on appeal when the theory rests on facts that were either controverted or not fully developed in the trial court."  (*Tanguilig v. Neiman Marcus Group, Inc.* (2018) 22 Cal.App.5th 313, 330.)

Here, the record is clear that Cespedes raised only the issue of futility for the trial court to consider as a basis for excusing the need to exhaust his administrative remedies.  Cespedes's second amended petition alleged only futility as a potential excuse for his failure to exhaust administrative remedies; his written submissions to the trial court made no arguments addressing his failure to exhaust his administrative remedies, let alone any

12

argument he should be excused from that requirement;**2** and the only grounds for excuse raised at the time of the hearing was that of futility.**3**

We disagree with Cespedes's characterization that we should exercise our discretion to consider these arguments because they raise only questions of law on undisputed facts. The question of whether any individual member of the city council or the members collectively had sufficient financial interest in the outcome of Cespedes's administrative proceeding such that the city council could not act as a fair tribunal is a question of fact. The issue cannot be resolved for the first time on appeal where the record contains no evidence of the financial incentives or disincentives held by any individuals or parties related to Cespedes's termination.

Likewise, resolution of any alleged uncertainty in the language of the MOU with respect to the procedures for appeal to the city council requires the presentation and consideration of evidence. (*Continental Baking Co. v. Katz* (1968) 68 Cal.2d 512, 521 ["Although extrinsic evidence is not permitted in order to add to, detract from, or vary the terms of an integrated written agreement, extrinsic evidence is admissible in order to explain what those terms are."]; *Oakland-Alameda County Coliseum Authority v. Golden*

---

**2** We note that even after the city raised the issue of Cespedes's failure to exhaust administrative remedies as a ground for denying the petition in its respondent's brief before the trial court, Cespedes chose not to address the merits of that issue or argue any grounds for excuse in his reply.

**3** While Cespedes's counsel used the term, "biased," to refer to the city council on one occasion, counsel did so only in support of the futility argument. There was no suggestion that the alleged bias was based upon financial considerations or that it was so extensive as to preclude Cespedes from obtaining a review sufficient to comply with the requirements of due process as Cespedes now asserts on appeal.

*State Warriors*, *LLC* (2020) 53 Cal.App.5th 807, 822 [same].)[4] Thus, the failure to allege

the inadequacy of the MOU, with respect to the city council's review procedures,

deprived the city of the opportunity to present potential evidence regarding how any

review by the city council would have been conducted.[5] It would be manifestly unfair to

permit Cespedes to assert this issue for the first time on appeal, where the city could have

potentially presented evidence on the issue, if it had been raised in the trial court.

The failure to raise these arguments in the trial court below prevented the facts

from being fully developed, and it further deprived the trial court of the ability to make

relevant factual findings. Because Cespedes did not even suggest these alternative

theories in the trial court, the city had no occasion to present evidence or dispute any

facts that might have been relevant to these theories. Where the city's silence may

simply have been a result of Cespedes's failure to raise the issue below, we cannot

---

[4] In reply, Cespedes attempts to avoid this conclusion by taking the position that he is not arguing that the terms of the MOU are "ambiguous," notwithstanding the fact that he has expressly asserted that the terms of the MOU are "uncertain" as a ground for excuse. Cespedes does not explain why he believes this distinction makes a difference in the context of this appeal. We note that courts have used the two terms interchangeably in stating the rule permitting the admission of extrinsic evidence to interpret the terms of a contract. (See *Schmidt v. Macco Constr. Co.* (1953) 119 Cal.App.2d 717, 730 ["[If] the contract is uncertain or ambiguous, parole evidence is admissible to show what the parties meant by the uncertain or ambiguous word or phrase used in the written contract."].)

[5] For example, the city council may have adopted its own, internal rules or other procedures for conducting such reviews. Alternatively, the city might have presented evidence regarding how prior appeals of disciplinary matters subject to the MOU had been reviewed by the city council. (*Southern Pacific Transportation Co. v. Santa Fe Pacific Pipelines*, *Inc.* (1999) 74 Cal.App.4th 1232, 1240-1241 ["The terms of a writing can also 'be explained or supplemented by course of dealing or usage of trade or by course of performance.' "].)

conclude that the underlying facts are truly undisputed, and we decline to exercise our discretion to consider these arguments for the first time on appeal.

## IV.  DISPOSITION

The judgment is affirmed.  Respondent is to recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:


McKINSTER
Acting P. J.


CODRINGTON
J.


15